IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JAMES WESLEY WHITE,

      Petitioner,

  v.                                     Case No. C-2-03-842
                                          Crim. No. CR-2-00-00050(3)
                                          JUDGE MARBLEY
UNITED STATES OF AMERICA,         Magistrate Judge KING

      Respondent.

**ORDER**

On September 17, 2003, petitioner, a federal prisoner, filed the instant motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. §2255. On May 19, 2005, claims one and three of petitioner's federal habeas corpus petition were dismissed; an evidentiary hearing is pending regarding claim two, in which petitioner asserts that he was denied the effective assistance of counsel because his attorney prevented him from pleading guilty without providing substantial assistance to the government. *See* Doc. Nos. 156, 160. This matter is now before the Court on petitioner's September 13, 2005, motion to amend the petition to include the following additional claim:

> Ineffective assistance of trial counsel due to counsel's failure to
> object to count two of the indictment as "jurisdictionally defective"
> for failing to "charge the necessary *mens rea* elements of intent that
> he acted knowingly and willfully."

*Motion to Amend.* For the reasons that follow, petitioner's motion to amend, Doc. No. 176, is **DENIED**.

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) established time limits

for commencing collateral attacks on federal convictions. Under the AEDPA, a federal prisoner must commence the collateral attack within one year from the latest of:

> 1) the date on which the judgment of conviction becomes final;
>
> 2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> 3) the date on which the right asserted was initially recognized by the Supreme Court if that right has been newly-recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> 4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. §2255.

Petitioner's convictions became final on January 9, 2003, when the time period for filing a petition for a *writ of certiorari* expired, *see Clay v. United States*, 537 U.S. 522, 525 (2003). Therefore, although the instant federal habeas corpus petition was timely, petitioner's September 13, 2005, motion to amend, filed three years after his initial habeas corpus petition, clearly was filed well after the one-year statute of limitations expired. This Court must therefore consider whether petitioner's motion to amend the petition is barred as untimely, or whether his proposed claim "relates back" to the date the initial petition was filed within the meaning of Federal Rule of Civil Procedure 15.

Rule 15 of the Federal Rules of Civil Procedure governs amendments to federal habeas corpus actions. *See* 28 U.S.C. §2242 ¶3 (stating that habeas corpus actions "may be amended or supplemented as provided in the rules of procedure applicable to civil actions"); *Hodges v. Rose*,

570 F.2d 643, 649 (6th Cir.1978).  The rule provides in relevant part as follows:

> (a) Amendments.  A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, the party may so amend it at any time within 20 days after it is served. Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires.
>
> ***
>
> (c) Relation Back of Amendments. An amendment of a pleading relates back to the date of the original pleading when
>
> (1) relation back is permitted by the law that provides the statute of limitations applicable to the action, or
>
> (2) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading....

Federal Rule of Civil Procedure 15. The rule promotes a "liberal policy of permitting amendments to ensure the determination of claims on their merits." *Marks v. Shell Oil Co.*, 830 F.2d 68, 69 (6th Cir.1987) (quoting *Tefft v. Seward*, 689 F.2d 637, 639 (6th Cir.1982)).

> In the absence of any apparent or declared reason--such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.--the leave sought should, as the rules require, be 'freely given.' Of course, the grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules.

*Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Coe v. Bell*, 161 F.3d 320, 341-42 (6th Cir. 1998)(quoting *Brooks v. Celeste*, 39 F.3d 125, 130 (6th Cir.1994).  Further,

> [d]elay by itself is not sufficient reason to deny a motion to amend.
> Notice and substantial prejudice to the opposing party are critical
> factors in determining whether an amendment should be granted.

*Coe v. Bell*, *supra,* 161 F.3d at 342. A district court's decision whether to grant a motion to amend the petition pursuant to Federal Rule of Civil Procedure 15(a) generally is reviewed for an abuse of discretion; however, where the denial is based upon futility, such denial may be reviewed *de novo*. *Parry v. Mohawk Motors of Michigan, Inc.*, 236 F.3d 299, 305 (6th Cir. 2001).

The United States Court of Appeals for the Sixth Circuit has held a motion to amend a habeas corpus action to include "entirely new arguments" that is filed after the statute of limitations has expired is futile and such claims do not relate back to the date the initial habeas petition was filed. *Oleson v. United States*, 27 Fed.Appx. 566, 570, unpublished, 2001 WL 1631828 (6th Cir. Dec. 14, 2001); *see also Taylor v. Myers*, 2003 WL 23846670 (W.D. Tenn. April 30, 2003):

> [O]nce the statute of limitations has expired, allowing amendment of
> a petition with additional grounds for relief would defeat the purpose
> of the Antiterrorism and Effective Death Penalty Act of 1996, Pub.L.
> No. 104-132, 110 Stat. 1214 (Apr. 24, 1996) (codified, *inter alia*, at
> 28 U.S.C. § 2244 *et seq*.)(AEDPA). Oleson, 2001 WL 1631828 at *3
> (citing *United States v. Thomas*, 221 F.3d 430, 436 (3d
> Cir.2000)("[A] party cannot amend a §2255 petition to add a
> completely new claim after the statute of limitations has expired.")).
> *See also United States v. Pittman*, 209 F.3d 314, 317-18 (4th
> Cir.2000) ("The fact that amended claims arise from the same trial
> and sentencing proceeding as the original motion does not mean that
> the amended claims relate back for purposes of Rule 15(c).... Such a
> broad view of 'relation back' would undermine the limitations period
> set by Congress in the AEDPA" (citing *United States v. Duffus*, 174
> F.3d 333, 337 (3d Cir.1999)).

*See also Carson v. United States*, 3 Fed.Appx. 321, unpublished, 2001 WL 92184 (6th Cir. January 26, 2001)(motion to amend filed after expiration of statute of limitations relates back to the original motion to vacate where it did not raise new claims, but merely "streamlined" previous motion),

4

citing Fed.R.Civ.P. 15(c); *Fama v. Comm'r of Corr. Servs.,* 235 F.3d 804, 814- 16 (2d Cir.2000); *United States v. Thomas*, 221 F.3d 430, 436 (3d Cir.2000); *United States v. Pittman*, 209 F.3d 314, 317-18 (4th Cir.2000); *United States v. Craycraft*, 167 F.3d 451, 457 (8th Cir.1999).

In *Mayle v. Felix*, 125 S.Ct.2562 (2005), the United States Supreme Court recently considered this same issue, reversing a decision of the United States Court of Appeals for the Ninth Circuit allowing the petitioner in a habeas corpus proceeding to amend his petition after the statute of limitations had expired to include a new claim not presented in the initial habeas corpus petition. In *Mayle v. Felix, supra*, the petitioner asserted in his initial habeas corpus petition that he had been denied his right to confront witnesses by admission at trial of tape recorded statements of a prosecution witness. The petitioner later attempted to amend his petition to include a claim that he had been denied a fair trial by admission of his pre-trial statements to police which, he alleged, were coerced. *See id.* In refusing to permit the amendment to the petition, the Supreme Court held:

> An amended habeas petition... does not relate back (and thereby escape AEDPA's one-year time limit) when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth.

*Id.* The Supreme Court reasoned:

> The Civil Rule governing pleading amendments, Federal Rule of Civil Procedure 15, made applicable to habeas proceedings by § 2242, Federal Rule of Civil Procedure 81(a)(2), and Habeas Corpus Rule 11, allows pleading amendments with "leave of court" any time during a proceeding. See Fed. Rule Civ. Proc. 15(a). Before a responsive pleading is served, pleadings may be amended once as a "matter of course," *i.e.*, without seeking court leave. *Ibid.* Amendments made after the statute of limitations has run relate back to the date of the original pleading if the original and amended pleadings "ar[i]se out of the conduct, transaction, or occurrence." Rule 15(c)(2).
>
> The "original pleading" to which Rule 15 refers is the complaint in an

5

ordinary civil case, and the petition in a habeas proceeding. Under Rule 8(a), applicable to ordinary civil proceedings, a complaint need only provide "fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). Habeas Corpus Rule 2(c) is more demanding. It provides that the petition must "specify all the grounds for relief available to the petitioner" and "state the facts supporting each ground." *See also Advisory Committee's Note* on subd. (c) of Habeas Corpus Rule 2, 28 U.S.C., p. 469 ("In the past, petitions have frequently contained mere conclusions of law, unsupported by any facts. [But] it is the relationship of the facts to the claim asserted that is important ... ."); *Advisory Committee's Note* on Habeas Corpus Rule 4, 28 U.S.C., p. 471 (" '[N]otice' pleading is not sufficient, for the petition is expected to state facts that point to a real possibility of constitutional error." (internal quotation marks omitted)). Accordingly, the model form available to aid prisoners in filing their habeas petitions instructs in boldface:

"CAUTION: You must include in this petition all the grounds for relief from the conviction or sentence that you challenge. And you must state the facts that support each ground. If you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date." Petition for Relief From a Conviction or Sentence By a Person in State Custody, Habeas Corpus Rules, Forms App. (emphasis in original).

A prime purpose of Rule 2(c)'s demand that habeas petitioners plead with particularity is to assist the district court in determining whether the State should be ordered to "show cause why the writ should not be granted." § 2243. Under Habeas Corpus Rule 4, if "it plainly appears from the petition ... that the petitioner is not entitled to relief in district court," the court must summarily dismiss the petition without ordering a responsive pleading. If the court orders the State to file an answer, that pleading must "address the allegations in the petition." Rule 5.

\*\*\*

Congress enacted AEDPA to advance the finality of criminal convictions. *See Rhines v. Weber*, 544 U.S. ----, ----, 125 S.Ct. 1528, 1534, 161 L.Ed.2d 440 (2005). To that end, it adopted a tight time line, a one-year limitation period ordinarily running from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review," 28 U.S.C. § 2244(d)(1)(A). If claims asserted after the one-year period could be

6

> revived simply because they relate to the same trial, conviction, or sentence as a timely filed claim, AEDPA's limitation period would have slim significance.... The very purpose of Rule 15(c)(2), as the dissent notes, is to "qualify a statute of limitations." *Post*, at ----2. But "qualify" does not mean repeal. *See Fuller v. Marx*, 724 F.2d 717, 720 (C.A.8 1984). Given AEDPA's "finality" and "federalism" concerns, *see Williams v. Taylor*, 529 U.S. 420, 436, 120 S.Ct. 1479, 146 L.Ed.2d 435 (2000); *Hicks*, 283 F.3d, at 389, it would be anomalous to allow relation back under Rule 15(c)(2) based on a broader reading of the words "conduct, transaction, or occurrence" in federal habeas proceedings than in ordinary civil litigation, *see supra,* at --- -----10-12.
>
> \*\*\*
>
> ... So long as the original and amended petitions state claims that are tied to a common core of operative facts, relation back will be in order.... Our reading is consistent with the general application of Rule 15(c)(2) in civil cases... with Habeas Corpus Rule 2(c)... and with AEDPA's installation of a tight time line for § 2254 petitions....

*Id.* (Citations and footnotes omitted.)

Here, petitioner likewise seeks to amend the petition to add an entirely new issue of ineffective assistance that was not previously raised. Petitioner asserts in his initial habeas corpus petition that he was denied the effective assistance of counsel because his attorney refused to permit him to testify in his own behalf, because his attorney prevented him from pleading guilty without providing substantial assistance to the government, and because

> trial counsel failed to object and appellate counsel failed to raise on petitioner's direct appeal under Rule 52 (plain error), trial court's use of the same conduct twice to determine petitioner's sentence.

*Petition.* He seeks now to raise a claim of ineffective assistance of counsel due to his attorney's failure to object to an allegedly defective indictment.

> As the Supreme Court recently made crystal clear, *see Mayle*, 125 S.Ct. at 2570, a petitioner does not satisfy the Rule 15 "relation back" standard merely by raising some type of ineffective assistance in the

7

>  original petition, and then amending the petition to assert another ineffective assistance claim based upon an entirely distinct type of attorney misfeasance. *See, e.g., Davenport v. United States*, 217 F.3d 1341, 1346 (11th Cir.2000); *Duffus*, 174 F.3d at 337.

*United States v. Ciampi,* 419 F.3d 20, 24 (1st Cir. 2005)(footnote omitted).

In view of the all of the foregoing, petitioner's motion to amend the petition (Doc. No. 176), is **DENIED**.

**IT IS SO ORDERED.**


October 6, 2005                                                              *s/Norah McCann King*
                                                                                          Norah McCann King
                                                                                    United States Magistrate Judge