IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JAMES WESLEY WHITE,

    Petitioner,

v.

CASE NO. 2:03-CV-842
CRIM. NO. 2:00-CR-0050
JUDGE MARBLEY
MAGISTRATE JUDGE KING

UNITED STATES OF AMERICA,

    Respondent.

## REPORT AND RECOMMENDATION

On February 7, 2007, final judgment was entered dismissing the instant motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. §2255. On November 20, 2008, the United States Court of Appeals for the Sixth Circuit affirmed this Court's judgment. *White v. United States*, 2008 WL 4949144 (6th Cir. November 20, 2008). This matter is now before the Court on petitioner's April 27, 2009, motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b)(3). For the reasons that follow, the Magistrate Judge **RECOMMENDS** that petitioner's Rule 60(b) motion, Doc. No. 214, be construed as a successive §2255 petition and **TRANSFERRED** to the United States Court of Appeals for the Sixth Circuit for authorization for filing.

Rule 60(b) provides:

> Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, Etc. On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for

the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken. A motion under this subdivision (b) does not affect the finality of a judgment or suspend its operation. This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order, or proceeding, or to grant relief to a defendant not actually personally notified as provided in Title 28, U.S.C., § 1655, or to set aside a judgment for fraud upon the court. Writs of coram nobis, coram vobis, audita querela, and bills of review and bills in the nature of a bill of review, are abolished, and the procedure for obtaining any relief from a judgment shall be by motion as prescribed in these rules or by an independent action**.**

Petitioner asserts that relief from the judgment entered in this case is warranted based on the following grounds:

> 1. The integrity of the judicial proceedings were violated when Petitioner's trial counsel failed to disclose his business attorney relationship and trial counsel's sons relationship with the Petitioner to the Court prior to his federal appointment, which caused a serious conflict of interest that had an adverse effect on specific instances of counsel's performance throughout the Petitioner's Court proceedings….

> 2. Court records show that the integrity of the judicial proceedings were violated when trial counsel perpetrated

2

> fraud upon the Court, which came to full light during Petitioner's evidentiary hearing held on March 29, 2006.... See transcripts of the hearing of March 29, 2006, from the record as follows: A question to trial counsel Cooper: Did the FBI say that your son was not involved? Correct. Contrary to conflicting Court documents presented on September 8, 2006, in petitioner's objections ... [t]he FBI indicated they did not believe there was not a conflict, the inquiry does not end there.
>
> 3. Court records show that the Court proceedings were violated from the very beginning of Petitioner's federal case, from the glaring Rule 6(e) grand jury violation that occurred at the grand jury when one of the government's star witnesses against the Petitioner was giving his testimony under oath, while the lead FBI Agent on the case was present....

Respondent has filed no response to petitioner's Rule 60(b) motion.

In *Gonzalez v. Crosby*, 545 U.S. 524 (2005), the United States Supreme Court held that a Rule 60(b) motion that raises a substantive claim for relief, rather than merely attacks a "defect in the integrity of the federal habeas proceeding," *id*., at 531, must be construed as a successive petition:

> In some instances, a Rule 60(b) motion will contain one or more "claims." For example, it might straightforwardly assert that owing to "excusable neglect," Fed. Rule Civ. Proc. 60(b)(1), the movant's habeas petition had omitted a claim of constitutional error, and seek leave to present that claim. Cf. *Harris v. United States*, 367 F.3d 74, 80-81 (C.A.2 2004) (petitioner's Rule 60(b) motion sought relief from judgment because habeas counsel had failed to raise a Sixth Amendment claim). Similarly, a motion might seek leave to present "newly discovered evidence," Fed. Rule Civ. Proc. 60(b)(2), in support of a claim previously denied. *E.g., Rodwell v. Pepe*, 324 F.3d 66, 69 (C.A.1 2003). Or a motion might contend that a subsequent change in substantive law is a "reason justifying relief," Fed. Rule Civ. Proc. 60(b)(6), from the previous denial of a claim.

*E.g., Dunlap v. Litscher,* 301 F.3d 873, 876 (C.A.7 2002). Virtually every Court of Appeals to consider the question has held that such a pleading, although labeled a Rule 60(b) motion, is in substance a successive habeas petition and should be treated accordingly. *E.g., Rodwell, supra*, at 71-72; *Dunlap, supra*, at 876.

We think those holdings are correct.... Using Rule 60(b) to present new claims for relief from a state court's judgment of conviction-even claims couched in the language of a true Rule 60(b) motion-circumvents AEDPA's requirement that a new claim be dismissed unless it relies on either a new rule of constitutional law or newly discovered facts. § 2244(b)(2). The same is true of a Rule 60(b)(2) motion presenting new evidence in support of a claim already litigated: even assuming that reliance on a new factual predicate causes that motion to escape § 2244(b)(1)'s prohibition of claims "presented in a prior application," § 2244(b)(2)(B) requires a more convincing factual showing than does Rule 60(b). Likewise, a Rule 60(b) motion based on a purported change in the substantive law governing the claim could be used to circumvent § 2244(b)(2)(A)'s dictate that the only new law on which a successive petition may rely is "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." In addition to the substantive conflict with AEDPA standards, in each of these three examples use of Rule 60(b) would impermissibly circumvent the requirement that a successive habeas petition be precertified by the court of appeals as falling within an exception to the successive-petition bar. § 2244(b)(3).

In most cases, determining whether a Rule 60(b) motion advances one or more "claims" will be relatively simple. A motion that seeks to add a new ground for relief, as in *Harris, supra*, will of course qualify. A motion can also be said to bring a "claim" if it attacks the federal court's previous resolution of a claim on the merits, (FN4) since alleging that the court erred in denying habeas relief on the merits is effectively indistinguishable from alleging that the movant is, under the substantive provisions of the statutes, entitled to habeas relief. That is not the case, however, when a Rule 60(b) motion attacks, not the substance of the federal court's resolution of a

claim on the merits, but some defect in the integrity of the federal habeas proceedings. (FN5)

> FN4. The term "on the merits" has multiple usages. *See, e.g., Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 501-503, 121 S.Ct. 1021, 149 L.Ed.2d 32 (2001). We refer here to a determination that there exist or do not exist grounds entitling a petitioner to habeas corpus relief under 28 U.S.C. §§ 2254(a) and (d). When a movant asserts one of those grounds (or asserts that a previous ruling regarding one of those grounds was in error) he is making a habeas corpus claim. He is not doing so when he merely asserts that a previous ruling which precluded a merits determination was in error-for example, a denial for such reasons as failure to exhaust, procedural default, or statute-of-limitations bar.

> FN5. Fraud on the federal habeas court is one example of such a defect. *See generally Rodriguez v. Mitchell*, 252 F.3d 191, 199 (C.A.2 2001) (a witness's allegedly fraudulent basis for refusing to appear at a federal habeas hearing "relate[d] to the integrity of the federal habeas proceeding, not to the integrity of the state criminal trial"). We note that an attack based on the movant's own conduct, or his habeas counsel's omissions, *see, e.g., supra*, at 2647, ordinarily does not go to the integrity of the proceedings, but in effect asks for a second chance to have the merits determined favorably.

*Id.*, at 530-532.[1]

Petitioner contends that his motion is properly considered under Rule 60(b) because he alleges that his trial counsel perpetrated a fraud on the Court and undermined the integrity of judicial proceedings when counsel failed to disclose his alleged conflict of

---

[1] *Gonzalez v. Crosby* involved a §2254 action; however, the United States Court of Appeals for the Sixth Circuit has held that the reasoning of that case also applies to motions under 28 U.S.C. §2255. *In re Nailor*, 487 F.3d 1018, 1021 (6th Cir. 2007), citing *United States v. Nelson,* 465 F.3d 1145, 1147 (10th Cir. 2006)

5

interest and thereafter intentionally concealed or failed to contact defense witnesses; petitioner also asserts that his counsel's alleged misconduct undermined petitioner's ability to make an intelligent decision about whether to plead guilty or proceed to trial. *Rule 60(b) Motion*, at 5-6.

Petitioner's Rule 60(b) motion plainly raises new claims of ineffective assistance of trial counsel as well as a new claim of prosecution misconduct in grand jury proceedings. Therefore, his Rule 60(b) motion is properly construed as a successive petition. *Gonzalez v. Crosby, supra*, 545 U.S. at 531 n.5.

Title 28 U.S.C. § 2244(b)(3)(A) requires that, before a second or successive petition for writ of habeas corpus can be filed in the district court, the applicant must move in the appropriate circuit court of appeals for an order authorizing the district court to consider the application. Under the AEDPA, a district court lacks jurisdiction to entertain a successive post-conviction motion or petition for writ of habeas corpus in the absence of an order from the court of appeals authorizing the filing of such successive motion or petition. *Nelson v. United States*, 115 F.3d 136 (2nd Cir. 1997); *Hill v. Hopper*, 112 F.3d 1088 (11th Cir. 1997). Under § 2244(b)(3)(A), only a circuit court of appeals has the power to authorize the filing of a successive petition for writ of habeas corpus. *Nunez v. United States*, 96 F.3d 990 (7th Cir. 1996). Unless the court of appeals has approved the filing of a second or successive petition, a district court in the Sixth Circuit must transfer the petition to the United States Court of Appeals for the Sixth Circuit. *In Re Sims*, 111 F.3d 45, 47 (6th Cir. 1997)(*per curiam*).

That being the case, this Court lacks jurisdiction to entertain a second or successive § 2255 motion unless authorized by the Court of Appeals for the Sixth Circuit. The Sixth Circuit, in turn, will issue this certification only if petitioner succeeds in making a *prima facie* showing either that the claims sought to be asserted rely on a new rule of constitutional law made retroactive by the United States Supreme Court to cases on collateral review; or that the factual predicate for the claims could not have been discovered previously through the exercise of diligence, and these facts, if proven, would establish by clear and convincing evidence that, but for the constitutional error, no reasonable factfinder would have found the applicant guilty. 28 U.S.C. § 2244(b)(2).

The Sixth Circuit described the proper procedure for addressing a second or successive petition filed in the district court without § 2244(b)(3)(A) authorization in *In re Sims, supra*: "[W]hen a prisoner has sought § 2244(b)(3)(A) permission from the district court, or when a second or successive petition for habeas corpus relief or § 2255 motion is filed in the district court without § 2244 authorization from this court, the district court shall transfer the document to this court pursuant to 28 U.S.C. § 1631." *Id.* at 47; *see also Liriano v. United States,* 95 F.3d 119, 123 (2nd Cir. 1996)(*per curiam*).

The Magistrate Judge therefore **RECOMMENDS** that petitioner's motion for relief from judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure be construed as a successive petition and **TRANSFERRED** to the United States Court of Appeals for the Sixth Circuit pursuant to 28 U.S.C. § 1631 for authorization under 28 U.S.C. § 2244(b)(3)(A).

If any party objects to this *Report and Recommendation*, that party may, within ten (10)

days of the date of this report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo,* and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

June 3, 2009                                                                            *s/Norah McCann King*
                                                                                   Norah McCann King
                                                                                   United States Magistrate Judge