# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:00-cr-050 |
| Plaintiff, | |
| v. | JUDGE ALGENON L. MARBLEY |
| JAMES WHITE, | |
| Defendant. | |

## OPINION AND ORDER

### I. INTRODUCTION

This matter is before the Court on Defendant James W. White's Motion to Dismiss the Indictment under Fed. R. Crim. P. 12(b)(2). (Dkt. 235.) Defendant, proceeding pro se, seeks a reversal of his conviction on the grounds of errors in the indictment, and insufficient evidence to support his conviction. The Government has submitted its Answer in opposition to the Defendant's Motion, and the matter is ripe for determination. For the reasons provided below, Defendant's Motion is **DENIED**.

### II. BACKGROUND

On or about March 30, 1999, Defendant and his co-conspirators committed a robbery, taking approximately $100,000 belonging to Huntington National Bank (the "Bank"). On March 14, 2000, a grand jury for the Southern District of Ohio returned a six-count indictment against Defendant for a broad-ranging conspiracy to rob armored car companies and local businesses of their cash. Defendant pled not guilty to the charges, and a jury trial commenced on July 10, 2000 in this Court. On July 24, 2000, the jury returned a verdict, finding Defendant and his co-

defendants guilty of participating "in a conspiracy to rob armored cars and local businesses at gunpoint." *White v. United States*, 313 F. App'x 794, 795 (6th Cir. 2008). Defendant was convicted on four counts: (1) Count 1 – Conspiracy – The Hobbs Act in violation of 18 U.S.C. § 1951; (2) Count 2 – Hobbs Act violation Under 18 U.S.C. § 1951; (3) Count 3 – Firearms Violation Under § 18 U.S.C. Section 924(c); and (4) Count 7 – Larceny Under 18 U.S.C. § 2113(b). The Sixth Circuit affirmed Defendant's convictions. *See White*, 313 F. App'x at 785.

### III. LAW AND ANALYSIS

Defendant's memorandum submitted in support of his instant motion is not a model of clarity; however, in it he appears to have raised two separate claims for reversal. First, Defendant asserts that the indictment was invalid under Rule 7(c)(1) with respect to Count 2 (Hobbs Act Violation), because the indictment did not contain the mens rea element of the offense. Second, Defendant claims that the Government failed to offer sufficient evidence for a reasonable jury to conclude that he committed a Hobbs Act violation. Third, Defendant claims that the evidence offered by the government to establish the FDIC-insured status of the Bank was insufficient as a matter of law to establish that required element of his 18 U.S.C. § 2113(b) violation.

### A. The Indictment's Compliance with Rule 7(c)

Defendant claims that his conviction on Count 2 (Hobbs Act Violation)[1] must be vacated because the indictment did not comply with Rule 7(c)(1)'s requirements. Specifically, Defendant claims that when the charge was submitted to the grand jury, the Government did not include the implied and necessary criminal intent (mens rea) required for a violation of the Hobbs Act. The Government responds first by arguing, under Fed. R. Civ. P. 12(b)(3),

---

[1] The Hobbs Act, codified at 18 U.S.C. § 1951, *et seq.*, prohibits actual or attempted robbery or extortion affecting interstate or foreign commerce.

2

Defendant's failure to raise this alleged defect in the indictment before trial constituted a waiver of his ability to bring this challenge to his conviction. The Government argues, alternatively, that even if the indictment failed specifically to include a "mens rea" allegation, that omission does not render the indictment constitutionally deficient.

Defendant brings this motion under Rule 12(b)(2), which provides that "[a] party may raise *by pretrial motion* any defense, objection, or request that the court can determine without a trial of the general issue." (emphasis added.) Rule 12(b)(3) requires that "a motion alleging a defect in the indictment or information," such as this one, "must be raised before trial." Fed. R. Crim. P. 12(b)(3)(B). Rule 12(b)(3)(B) continues, however, that "*at any time while the case is pending*, the court may hear a claim that the indictment or information fails to invoke the court's jurisdiction or to state an offense." (emphasis added.)

Because Defendant alleges that the indictment failed to include the mens rea element of the Hobbs Act violation charged, at least on its face Defendant's argument "qualifies under Rule 12(b)(3)(B) as a 'claim that the indictment . . . fails . . . to state an offense.'" *United States v. Thian Teh*, 535 F.3d 511, 515 (6th Cir. 2008) (citing *United States v. Gatewood*, 173 F.3d 983, 986 (6th Cir. 1999) (defendant's claim that the indictment did not include one of the elements of the crime was not waived even though it was first raised on appeal)). The Court will review this claim even though this is the first time Defendant has raised it. *See* Fed. R. Crim. P. 12(b)(3)(B).

Rule 7(c)(1) states that "[t]he indictment or information must be a plain, concise, and definite written statement of the essential facts constituting the offense charged and must be signed by an attorney for the government." Defendant does not dispute that the indictment included all the elements for violations of the Hobbs Act under both 18 U.S.C. §1951 and 18 U.S.C.§ 924. Defendant claims that under *United States v. Carll*, even though the Hobbs Act

statute does not expressly include a mens rea element, mens rea was required to be included in the indictment to charge the offense. *See* 105 U.S. 611, 612 (1882) ("In an indictment upon a statute, it is not sufficient to set forth the offence in the words of the statute, unless those words of themselves fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offence intended to be punished.").

In the 130 years since the Supreme Court's holding in *Carll*, however, the requirements for an indictment have evolved. It has been well-established now for a half century that "Rule 7(c) of the Federal Rules of Criminal Procedure greatly liberalized pleading practice so that the citation of the statute itself served to allege willfulness." *United States v. Johnson*, 414 F.2d 22, 26 (6th Cir. 1969); *see also Cochran v. United States*, 336 F.2d 799 (6th Cir. 1964), *cert. denied*, 380 U.S. 945 (1965). In *United States v. Martinez*, the Sixth Circuit addressed a similar alleged failure of the indictment to allege any mens rea element. 981 F.2d 867 (6th Cir. 1992), *cert. denied*, 113 S. Ct. 1874 (1993). The court held that "although the indictment does not expressly allege willfulness, it does allege the appropriate sections of the United States Code. We believe that the citation to the statutes informed Escamilla [the defendant] of the elements of the charged offenses." *Id.* at 872.

Under *Martinez*, Mr. White's indictment's alleging the appropriate sections of the Hobbs Act was sufficient to allege the mens rea element. The Court rejects Mr. White's challenge to the indictment on the basis of omitting the mens rea requirement.

### B. Sufficiency of the Government's Evidence of FDIC Insured Status

Defendant was convicted of Count 7, Larceny, under 18 U.S.C. § 2113(b). Defendant claims the Government failed to prove that Metropolitan Armored Car Inc.'s deposits were insured by the FDIC on the dates of the robberies. Defendant claims the Court erred in admitting

4

testimony of the bank police officer and security specialist to prove that Huntington National Bank was FDIC insured. Defendant claims this error violated his Fifth Amendment rights. The Government responds that Defendant has waived this sufficiency of the evidence challenge by failing to raise it on direct appeal. Additionally, the Government argues that as a substantive matter, Defendant has failed to establish that the Government's evidence of the Bank's FDIC insured status was insufficient.

One of the elements of the offense defined by 18 U.S.C. § 2113,[2] under which Defendant was convicted, requires that the deposits of the robbed financial institution must have been insured by the FDIC at the time the robbery occurred. 18 U.S.C. § 2113(f). According to Defendant, the evidence admitted at trial to prove the FDIC-insured status of the Bank's stolen cash, in the form of a statement of a bank police officer and security specialist reporting on their knowledge of the FDIC-insured status of the "Bank," was insufficient.

The instant motion marks the first time Defendant has raised this challenge to his conviction for lacking sufficient evidence of the Bank's FDIC insured status. Defendant's motion is not an acceptable vehicle for asserting his claim at this post-conviction stage. Rule 12(b)(2) does not provide Defendant a valid basis for bringing such a collateral attack in this Court more than a decade after the trial. *See, e.g.*, *United States v. Blair*, 214 F.3d 690, 699-701 (6th Cir. 2000), *cert. denied*, 2000 U.S. LEXIS 5962 (agreeing with the district court's denial of a defendant's motion to dismiss the indictment brought under Rule 12(b)(2) where the defendant

---

[2] 18 U.S.C. § 2113(f) states that, as used the Section of the Code criminalizing bank robbery and incidental crimes:

> "[B]ank" means any member bank of the Federal Reserve System, and any bank, banking association, trust company, savings bank, or other banking institution organized or operating under the laws of the United States, including a branch or agency of a foreign bank (as such terms are defined in paragraphs (1) and (3) of section 1(b) of the International Banking Act of 1978 [12 USCS § 3101(1), (3)]), and any institution the deposits of which are insured by the Federal Deposit Insurance Corporation.

"fail[ed] to make a pretrial motion under Fed. R. Crim. P. 12(b)(2)" and "fail[ed] to establish cause or prejudice for this procedural default").

Additionally, the claim has been waived due to Defendant's failure to raise the issue on direct appeal. *See United States v. Frady*, 456 U.S. 152 (1982) (stating that the Supreme Court has "long and consistently affirmed that a collateral challenge may not do service for an appeal"); *Peoples v. United States*, Case No. 96-1792, 1998 U.S. App. LEXIS 20570, at *3 (6th Cir. 1998) (A claim that could have been but was not raised on direct appeal may not be reviewed under § 2255 unless [Defendant] demonstrates cause and actual prejudice to excuse his failure to raise the claim previously.").

Even if Defendant's motion was a procedurally proper habeas challenge under 28 U.S.C. 2255, he would still need to articulate a sufficient reason why its lateness should be excused. *Id.* Defendant, however, provides no showing of good cause or prejudice. (*See* Dkt. 235, p.5.) In the absence of any showing from Defendant as to why the Court should ignore his motion's procedural defects, and given his failure to preserve his challenge for insufficiency of the evidence of the Bank's FDIC-insured status at trial or on direct appeal, the Court declines to reach the merits of Defendant's claim.

### III. CONCLUSION

Defendant's Motion to Dismiss the Indictment under Fed. R. Crim. P. 12(b)(2) is **DENIED**.

**IT IS SO ORDERED.**

    **s/Algenon L. Marbley**
Algenon L. Marbley
United States District Judge

**Dated: August 23, 2012**